Good morning. We'll call our first case for the morning. Curtis Oats v. McHenry County, you may approach. Mr. Flaxman, how are you this morning? I'm fine. Good morning, and may it please the court. Back in August of 2021, Mr. Oats had an unpleasant interaction with an animal control officer from McHenry County. That unpleasant interaction developed into a lawsuit that he originally filed pro se, and then he found counsel to take it over. The district judge granted summary judgment to the defendants, and he appealed. In our opening brief, we raised three arguments. First was that the defendants had waived qualified immunity. The second was that there was a Fourth Amendment protected right of privacy to the contents of your mailbox. And the third was that the officer had crossed the cartilage to inspect the contents of a mailbox. The defendants responded, and after reading their response, we have given up the first two issues. We're not contending that they waived qualified immunity, and we're not contending that there's a privacy interest in the mailbox, even though I love that issue. I just think that it's not going to work today. Why not? Why not? Because there hasn't a case saying that the federal criminal statutes apply to the Fourth Amendment right of privacy, and the way that this court and the Supreme Court and all the circuit courts have construed qualified immunity is that we need that decision. Perhaps this case would have been one if the court decided to. You don't think the cases in construing the statute make it clear that there is that right of privacy? No. I mean, the cases construed in the statute seem to be very dismissive of the rights of privacy that the Supreme Court has recognized or discussed, and perhaps in dicta. And I think that we have a very tough row to hoe in showing that the law was clearly established. It should be, but we're not going to do that in this appeal because the better issue and the one that we're proceeding on is that the officer crossed the cartilage to inspect the contents of the mailbox. And that district judge said that wasn't clearly established, even though there are two cases that we cited that seem to clearly establish it. In their answering brief, the defendants chose to ignore that issue. There's one sentence saying that the judge was right on his ruling about the cartilage. There's no development. There's no discussion. There are no cases cited. There's no analysis. Under this court's decisions, they waived that issue. We usually don't go out of our way to find that issues have been waived in terms of defending a district court's opinion or decision. Could you focus in on your response to the district judge's analysis? The district judge did not do an analysis. He cited two cases and said these cases don't apply. And said the burden is on you. The district judge, reading the district judge's opinion in the light most favorable to what he said, he was saying we need a Supreme Court or a Seventh Circuit case saying that when an animal control officer crosses the cartilage to look inside a mailbox, there's no qualified immunity. In Jardine, the Supreme Court set out what seemed to be a very general rule that you can't cross the cartilage to search. And they made that clear in the Collins v. Virginia, where they suppressed evidence because the officer had crossed the cartilage to inspect the motorcycle that was parked in the cartilage. Looking at U.S. v. Steiner, what do we have in the record that demonstrates that the mailbox, Mr. Oates' mailbox, was within the cartilage? That wasn't an issue that the defendants raised in the motion for summary judgment, so there's nothing in the record about that. There's a law that cartilage is protected and you can't cross it, but the factual question, I think perhaps the defendants wisely agreed, that was a question for the jury. It's where the mailbox was. You have to cross the cartilage to get there. There's no discussion of that. We don't have to prove our case in opposing summary judgment on qualified immunity. We just have to, if the facts are placed in question, we have to show a disputed question of facts. But I think Jardine and Collins v. Florida make it clear to any reasonable person who's enforcing the laws of a municipality or the federal government that you can't cross the cartilage to search for evidence. And there's no discussion at all of that or no reasoning or argument, and there are cases that we cited where the appellee did not raise an argument and the court said we're not going to consider it. I know this is troubling and I know it's regrettable. I'm not sure how it fits together since you've given up the mailbox question. I've given up the searching of the mailbox. Well, what if they search a motorcycle that was parked on the cartilage? There's no right of privacy in the contents of a motorcycle like there is in a mailbox. But we've given it up because I don't think that we need to show a privacy interest in the contents of the mailbox to sue for, to maintain an action for crossing the cartilage to search. What are his damages? That's a question for the jury. Come on, Mr. Flaxman. What are we doing here? Mr. Oates was very, very distressed about what happened. I didn't go out and find this case because there's a guy who wants to do it, who I wanted to make new law and make a lot of money on. He was very distressed about the violation of his rights. He has a history for which his evasions of his rights are very important and he wanted to enforce them. That's why he filed a pro se case. Even if this is a nominal damage case or a $19.99 case, it's a case that states a claim and he's entitled to a trial, whether it's before a judge if somebody says it's a $1 case or to a jury if we can persuade the judge, district judge, that it's over $20 at issue. I think we have to respect constitutional rights and enforce them, especially when Mr. Oates felt struggling enough about it to file this lawsuit. So the thing I'm struggling with, to be blunt about it, is that the officer's free to walk up to the front door and knock, right? That's correct. I understand you're saying he's not free also to search, but if he's just stepping off the road to look in the mailbox and you're saying there is no privacy interest in that mailbox, I'm having a little trouble putting this all together. This is not comparable to, at least it doesn't seem to be comparable to, having the drug sniffing dog at the door. Your Honor is making a very interesting argument that's worthy of a response, but the defendants didn't make that argument. I'm asking you. You're asking me this question. How you avoid a qualified immunity defense that was raised and was accepted by the district court. Telling me that the defendants didn't do a good job of briefing is not going to convince me to reverse an otherwise correct decision of a district judge. Well, it's not correct because the district judge said Dr. Deans at the College of West Virginia don't apply this. They're not fact specific enough. That's not the law on qualified immunity. I think I have your answer. Thank you. Crossing the cartilage is an independent constitutional violation when there's a search, whether you're searching a locked container or whether you're searching something which is not otherwise protected. That's our claim. I urge the court to follow the rule that we let parties make arguments. We don't make them for them. Thank you. Thank you. Mr. Owens. Good morning, and may it please your Honorable Court. To set up the analysis, I could just briefly summarize how we got here was commented upon by Justice Hamilton. Once the defendants waived the issue of whether or not we've raised the affirmative defense of qualified immunity, and once they essentially withdrew the issue about whether there was an expectation of privacy of the contents of the mailbox, the analysis essentially becomes respectfully more simple. Critically, in the world of Fourth Amendment searches and seizures, or whether or not there's an illegal or unreasonable search and seizure, the only search and seizure complained of in the history of this case is the mailbox, which has been withdrawn from the court's consideration. Put another way, the appellant has not complained of a search and seizure, in this case, that he hasn't withdrawn. Now, today he maintains that Defendant Enos crossed into the plaintiff's curtilage, violated plaintiff's Fourth Amendment rights, and fails to identify a search or a seizure that he hasn't withdrawn. His claim is that we have not adequately responded to the issue and that we waived the issue. To my way of thinking, in the brief, we have made clear we don't think he discharged the archer burden once we've raised the issue of qualified immunity. In our brief, we cited the archer. I know the court is well aware of the analysis, but effectively it comes down to now, given where the appellant has chosen to take the court. The question is, are there facts established to conclude the defendant violated a clearly defined right and that the unlawful conduct was clearly established at the time of the alleged violation? Our position in our brief, in our position here today, is that the appellant has failed that burden. To be clear, what the... So what I'm hearing is that without the mailbox, with that taken off the table, there's been no search. There's been no warrantless search. Right, and I'd like to address that a little bit further with Jardines and Collins as well. Exactly, Your Honor. Each time in the plaintiff's opening brief that plaintiff complains about the curtilage, in three separate portions of the curtilage argument, he couples it with, to get to the mailbox, in order to search the mailbox. It's access to the mailbox, I think, are the three exact quotes in the opening brief. To be clear, there's never once in the history of this case been a complaint about an illegal seizure. It's always been, in his writing and here today, getting to, essentially, the curtilage to search the mailbox. Effectively, what he's saying is the violation is the location of defendant Enos' feet. His feet, essentially, is the entire violation because he's waived the issue about whether or not the conduct at the mailbox violates a clearly established right or rightful expectation of privacy. And this is different than Jardines. I know the court knows the facts at Jardines. The curtilage in that case was the front porch attached to a house. That's far different than a mailbox somewhere that we don't know, off the real property near the street. In that case, we know the officers entered the real property of the porch, used a canine to conduct a canine sniff search, obtained evidence by clear investigatory conduct, and used the results of that sniff search, that Fourth Amendment search, to obtain a search warrant. The sniff search itself was critical in gathering evidence in the defendant's criminal prosecution in that case. And then, most importantly, in Jardines, the plaintiff in that case, the criminal defendant in the trial court and the appellant in the appellate court, did not waive the expectation of privacy that he had to what was at the front porch during the dog sniff search. In Collins, the curtilage is more than a motorcycle. The court goes out of its way twice to say the motorcycle was parked, quote, on top of the driveway. And the critically point missed by my opponent, respectfully, the motorcycle was covered by a tarp. In that case, the officer entered into the real property, went to the top of the driveway, and then removed the tarp to obtain a license plate, and that evidence was directly used in the criminal prosecution that became the basis of his appeal. Here, I respectfully submit to your honors, this is totally different. Plaintiff's evidence that he put in the record, and this is the only evidence before your honors, is that there was a mailbox. He claims in his reply brief, in his opening brief, that the mailbox was, quote, not on the curb, unquote. He goes on to say that the mailbox was, quote, not easily accessible from the street. I respectfully submit that there's nothing else in the record that makes this, I guess, last case made by him in his reply. It's important to point out, I respectfully submit that there's zero evidence of the distance of the mailbox to the street. There's zero evidence of the distance within the real property that the mailbox was supposedly within. And there's zero evidence of the distance between the house and the mailbox. And then critically, there's zero evidence that's used in any prosecution of the case. And unlike Collins, and unlike Jardines, this appellant waived the expectation of privacy that forms the basis of his appeal. Mr. Owens, can I ask you just, do you think the police ought to need to get a warrant if they want to take the inventory of my mailbox every day, what's incoming and what's outgoing? They want to see if I'm reading Russian propaganda or leftist magazines, who I'm corresponding with? In answer to the question, Your Honor, may I accept that this is a hypothetical? Of course it's a hypothetical. In the specific facts of that case, that is a more likely scenario where there should be a search warrant. And to be clear, we've never admitted that this happened on behalf of Defendant Enos. We've denied this in the summary judgment. Thank you. In our brief and before Your Honors today, it's the government's position, it's McHenry County's position, that the plaintiff waived the issue about whether or not the mailbox was protected by any expectation of privacy, and in doing so, failed to establish any clearly defined right that has been violated, and has clearly failed to identify unlawful misconduct on behalf of Defendant Enos, and the district court's ruling was correct. I have nothing further for Your Honors. Your Honors, thank you. Thank you. Rebuttal? Thank you. The argument about zero evidence highlights the fact that that wasn't an issue in the summary judgment motion, which is reproduced in the short appendix at 20 to 22. And I have a hypothetical to leave the court with. What if the police were investigating a homicide and crossed into the cartilage looking for bullets and found bullets because they had crossed through the cartilage? That would be an unlawful search. It would be suppressed. This is the same thing that happened here, and we should proceed to trial. Thank you. Thank you. The court will take the case under advisement.